UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cr-00038-TWP-MG01 |
| ) | |
| IVAN REA, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTIONS**

This matter is before the Court on Defendant Ivan Rea's ("Rea") Motion for a Reduction in Sentence under § 404 of the First Step Act of 2018, (Dkt. 359), and Motion for Appointment of Counsel (Dkt. 360). For the reasons explained below, the motions are **denied**.

## I. BACKGROUND

In March 2008, Rea and his co-defendant, Jose Medina ("Medina"), were charged by a grand jury with Count 1: Conspiracy to distribute in excess of 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846. Rea was additionally charged with Count 2: Conducting a continuous criminal enterprise ("CCE"), in violation of 21 U.S.C. §§ 848(a) and (b) and Count 3: Illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A) (Dkt. 190; Dkt. 217.) A jury convicted Rea of counts 1 and 2 and he was sentenced to life imprisonment on each count. Rea appealed, and on September 2, 2010, the Court of Appeals explained,

> [Rea] received forty pounds of methamphetamine every two weeks in Indianapolis, which he purchased from sources in Denver. He directed others to help him cut, weigh, package, transport, and distribute the meth. Rea also fronted the methamphetamine to others for resale and used his drug runners to collect the money owed him. Medina was a distributor who sold methamphetamine for Rea…. Following a joint trial in March 2009, the jury found Rea and Medina guilty of conspiracy, and found Rea guilty of engaging in a CCE. In June 2009, the district

court sentenced Rea to two concurrent life sentences, one each for conspiracy and for engaging in a CCE.

*United States v. Rea*, 621 F.3d 595, 600 (2010). The Court of Appeals vacated Rea's conspiracy conviction because the conspiracy alleged was a lesser included offense of the CCE, but otherwise affirmed his conviction and sentence. *Id.* at 601. On November 12, 2010, Rea was resentenced to life imprisonment on Count 2. (Dkt. 275).

## II.    DISCUSSION

Rea asks the Court to reduce his sentence under § 404 of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018), which in turn incorporates portions of the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010) (Dkt. 359). He has also filed a motion asking for the appointment of counsel (Dkt. 360). The Court has concluded that it can resolve the motions without a response from the Government. The Court will first address the request for counsel before turning to the substantive motion for sentence reduction.

### A.    Request for Counsel

Rea has requested the appointment of counsel to represent him in this matter. (Dkt. 360.) There is no statutory authority entitling a defendant to counsel when pursuing a motion for sentence reduction under § 404. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Rea's request for the appointment of the federal public defender's office is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. When addressing a request for *pro bono* counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

2

does the plaintiff appear competent to litigate it himself?"  *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether the litigant has made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry."  *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion).  Rea has not indicated whether he has attempted to contact any attorneys with requests for representation.  Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance.  *See Thomas*, 912 F.3d at 978.

Under the circumstances here, Rea is not entitled to appointed counsel or the recruitment of *pro bono* counsel, and his request for appointment of counsel must be **denied**.

**B.    Sentence Reduction**

In 2010, Congress enacted the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), to address harsh sentencing disparities between crack cocaine offenses and powder cocaine offenses resulting from irrational and "unjustified race-based differences" in federal sentencing between those types of cases.  *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012).  Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act of 2010's reduction in the disparity between crack and powder cocaine sentences for certain defendants convicted of certain crack cocaine offenses.  *See* Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018).  "When considering a motion to reduce sentence, a district court is first 'faced with the question of whether the defendant is eligible for a sentence reduction. If the defendant is eligible, then the court faces the question of whether it *should* reduce the sentence.'"

*United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020) (citing *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020)).

Rea is not eligible for a sentence reduction under the plain language of § 404 of the First Step Act because he was not convicted of an offense involving crack cocaine. *See id.* (defining a "covered offense" to include only convictions for crack cocaine related offenses); *Hudson*, 967 F.3d at 611 (7th Cir. 2020) ("[A] defendant's conviction for a covered offense is a threshold requirement of *eligibility* for resentencing." (emphasis in original)); *United States v. Dawson*, 2023 WL 334008, at *1 (7th Cir. Jan. 20, 2023) (rejecting a defendant's eligibility for resentencing under § 404 because the defendant was not convicted for a crack cocaine offense).

Rea also argues that his case "nearly mirrors another seventh circuit case" where the court reduced a life sentence for a CCE conviction to time served using the "categorical approach." *See United States v. Yates*, 2020 WL 8455480, at *2 (N.D. Ill. Apr. 22, 2020). Rea's reliance on *Yates* is unavailing for two reasons. First, the "categorical approach" used in *Yates* does not render Rea's sentence eligible for reduction. Under the First Step Act, eligibility for a sentencing reduction requires a conviction for a "covered offense" which includes only offenses with penalty provisions altered by the Fair Sentencing Act. First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194. Though the *Yates* court determined that the categorical approach, that is, the conclusion that "eligibility under the Act is determined categorically based on the statute of conviction, rather than individually, based on an individual's offense conduct" was appropriate, the court did not hold that any statutes of conviction common to both Yates and Rea were a covered offense. *Yates*, 2020 WL 8455480, at *1. Instead, the *Yates* court merely relied on the categorical approach to hold that the amount of drugs charged, rather than the amount that the court ultimately found to be attributable to defendant Yates, determined the particular statute of conviction. *Id.* Using this basis, the court

4

determined that Yates was eligible for a sentence reduction, thereby opening the entire sentence for review including Yates's sentence for a CCE offense. *See Hudson*, 967 F.3d at 610 (holding that, after determining that a defendant is eligible for a sentence reduction, the court may also reduce the sentence imposed on other counts, even if those counts are not covered offenses). Here, the Court cannot conclude *Yates* compels this Court to hold that the "categorical approach" demands that any of Rea's offenses including for CCE render him eligible for sentence reduction under § 404.

Second, although *Yates* was convicted of a violation of 21 U.S.C. § 841(a), the nature of the offense does not alone trigger relief under the § 404. Though the Fair Sentencing Act did affect the mandatory penalties for *some* violations of § 841(a), it did not affect the penalties for *all* violations of § 841(a). For a defendant convicted of violating 21 U.S.C. § 841(a), the statute of conviction is "not § 841(a) or § 841 as a whole," but rather includes "both the conduct and the quantity provisions"—that is, that statute of conviction includes § 841(a) and the specific subsection of § 841(b) setting forth the penalties for the specific drug and the drug quantity at issue. *United States v. Hogsett*, 982 F.3d 463, 465 (7th Cir. 2020). Rea's conviction under the statute was based on distribution of methamphetamine, a violation of a specific subsection of § 841(b) with penalties unaffected by the Fair Sentencing Act. *See* Dkt. 217; Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Crucially, the defendant in *Yates* was convicted of Distribution of Cocaine and/or Cocaine Base, a violation of a different specific subsection of § 841(b) with penalties which were altered by the Fair Sentencing Act. *See id.*; *United States v. Yates*, 1:95-cr-2062, Dkt. 2062 (N.D. Ill. 2020). Yates conviction for distributing crack cocaine, was thus a covered offense, opening his sentence for reexamination. No similar violation is present in this case. Unlike Yates, Rea is not eligible for a reduction under § 404 of the First Step Act.

Rea also urges the court to reduce his sentence because like Yates, he has served a lengthy sentence and has strong family and community ties. (Dkt. 359 at 14). Rea argues that Yates engaged in more serious conduct and posed a threat to the community which Rea does not. *Id.* In essence, Rea argues that the sentencing factors under 18 U.S.C. § 3553 weigh even more strongly in his favor than they did in *Yates*. However, even if the court were to find that the sentencing factors under 18 U.S.C. § 3553 weigh in favor of a sentence reduction, the Court is unable to alter Rea's sentence without a statutory avenue for reduction applicable to him. 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed [unless specific statutory provisions apply].") While Rea's efforts at rehabilitation are commendable, the Court is without the authority to reduce his sentence based on these factors alone. Rea's motion for sentence reduction must be **denied**.

### III.   CONCLUSION

For the reasons stated above, Rea's Motion for a Reduction in Sentence, Dkt. [359], and his Motion for Appointment of Counsel, Dkt. [360], are **DENIED**.

**SO ORDERED.**

Date:  1/19/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ivan Rea, #08492-028
United States Penitentiary Hazelton
P.O. Box 2000
Bruceton Mills, West Virginia 26525

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

6