UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-00038-TWP-MG |
| | ) | |
| IVAN REA | ) | |
| a/k/a OSCAR CAMACHO-DIAZ | ) | |
| a/k/a MICHOACAN, et al., | ) -01 | |
| | ) | |
| Defendants. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cr-00038-TWP-MG |
| | ) | |
| IVAN REA | ) | |
| a/k/a OSCAR CAMACHO-DIAZ | ) | |
| a/k/a MICHOACAN, et al., | ) -01 | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Defendant Ivan Rea's Motion for Compassionate Release, (Dkt. 378), and Motion to Reduce Sentence (Dkt. 382), under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, both of Mr. Rea's motions are **denied**.

## I. BACKGROUND

Mr. Rea is currently serving a life sentence of imprisonment after being found guilty by a jury of two counts of knowingly, intentionally, and unlawfully engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) and (b). (Dkt. 275 at 1–3). The trial and sentencing transcripts of these proceedings show that Mr. Rea was heavily involved in methamphetamine trafficking and was responsible for the distribution of approximately 3,250 pounds of methamphetamine. (Dkts. 248, 250, 252, 254, 256).

Mr. Rea filed his first motion for compassionate release on December 20, 2024. (Dkt. 378). In this motion he argues that he establishes extraordinary and compelling reasons for

compassionate release because he received an unusually long sentence in light of more recent Seventh Circuit decisions. In his second motion for sentence reduction under the First Step Act, (Dkt. 382), Mr. Rea makes a similar argument but instead of citing Seventh Circuit decisions, he cites other cases where defendants received lighter sentences compared to him, creating a sentencing disparity that he believes qualifies as an extraordinary and compelling reason for compassionate release. *Id*. Mr. Rea also cites his rehabilitative efforts as an extraordinary and compelling reason for compassionate release in his second motion. *Id*.

On April 21, 2025, the Court stayed the proceedings in this matter due to other litigation involving U.S.S.G. § 1B1.13(b)(6). (Dkt. 381). In light of the Supreme Court decision in *Rutherford v. United States*, 608 U.S. 454 (2026), the motion is ripe for resolution.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has

issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court begins with Mr. Rea's claims that he is entitled to compassionate release because he received an unusually long sentence in light of recent Seventh Circuit decisions. The Seventh Circuit decisions Mr. Rea cites concern 21 U.S.C. § 841(b)(1)(A), whereas he was convicted under 21 U.S.C. § 848(a) and (b)—the Continuing Criminal Enterprise statute. Therefore, the cases he cites do not concern his case and cannot be the basis for an extraordinary and compelling reason for purposes of compassionate release.

Moreover, even if a change of law could help Mr. Rea, in *Rutherford v. United States*, 608 U.S. 454, 473 (2026), the United States Supreme Court recently concluded that the Sentencing Commission's amended policy statement conflicted with Congress's intent and was therefore invalid. Nonretroactive changes in sentencing laws cannot be considered with respect to motions for compassionate release.

Next, Mr. Rea claims that he is entitled to compassionate release due to a sentencing disparity because other defendants with similar charges to his own received lesser sentences. For Mr. Rea's first count of conviction, the statutorily authorized term of imprisonment is 10 years to life, while the second count is life imprisonment. (Dkt. 384 at 17); *see* 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 848(a) and (b). Mr. Rea received life in prison, which is within the statutorily authorized term. Therefore, there is no sentencing disparity given what Mr. Rea was charged with in his case.

Next, Mr. Rea cites his rehabilitative efforts while incarcerated as an extraordinary and compelling reason for compassionate release. While the Court commends Mr. Rea for making

efforts toward rehabilitation, by statute, rehabilitation alone cannot be an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t).

Mr. Rea has not established any extraordinary and compelling reason for a sentence reduction.

## III. CONCLUSION

For the reasons stated above, Ivan Rea's motion seeking compassionate release, dkt. [378], and a motion to reduce sentence – First Step Act, dkt. [382], are **DENIED**.

**IT IS SO ORDERED.**

Date: November 12, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ivan Rea
Reg. No. 08492-028
USP Coleman I
U.S. Penitentiary
P.O. Box 1033
Coleman, FL 33521

All Electronically Registered Counsel